IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 7 |
|   AMERICAN REHAB & PHYSICAL | : |
|    THERAPY, INC. | : |
|                 DEBTOR | : |
| |   CASE NO. 04-14562 |
| ROBERT H. HOLBER, TRUSTEE | : |
|                PLAINTIFF | : |
|          v. | : |
| STATE FARM MUTUAL AUTOMOBILE | : |
| INSURANCE COMPANY, AND STATE FARM | : |
| FIRE AND CASUALTY INSURANCE COMPANY | : |
|            DEFENDANTS | : ADVS NO. 04-0991 |
| | : |

# OPINION

By:   STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

## Introduction

Before the Court is the Trustee's Motion for Summary Judgment.  State Farm

opposes the motion.  For the reasons set forth below, the motion will be denied.

## Procedural Background

The Trustee has filed suit against State Farm for turnover of certain accounts

receivable.  State Farm filed an Answer and Counterclaim.  The Counterclaim asserts

the right of setoff.  The Trustee opposes the Counterclaim and has filed a motion for

summary judgment as to the setoff claim.  Hearing on the matter was held on October

27, 2005 after which the parties were afforded the opportunity to supplement their brief.

The Court next took the matter under advisement.

## Legal Standard

Motions for summary judgment are governed by Rule 56 of the Federal Rules of

Civil Procedure ("Fed.R.Civ.P.").[1]  Pursuant to Rule 56, summary judgment should be

granted when the "pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law."

Fed.R.Civ.P. 56(c). For purposes of Rule 56, a fact is material if it might affect the

outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct.

2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of demonstrating

that no genuine issue of fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106

S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).

    The court's role in deciding a motion for summary judgment is not to weigh

evidence, but rather to determine whether the evidence presented points to a

disagreement that must be decided at trial, or whether the undisputed facts are so one

sided that one party must prevail as a matter of law. *See Anderson v. Liberty Lobby,

Inc.*, 477 U.S. at 247-252, 106 S.Ct. at 2509-12. In making this determination, the court

must consider all of the evidence presented, drawing all reasonable inferences

therefrom in the light most favorable to the nonmoving party, and against the movant.

*See United States v. Premises Known as 717 South Woodward Street*, 2 F.3d 529, 533

(3rd Cir.1993); *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 (3d

Cir.1990), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991); *Gould,

Inc. v. A & M Battery and Tire Service*, 950 F.Supp. 653, 656 (M.D.Pa.1997).

    To successfully oppose entry of summary judgment, the nonmoving party may

---

    [1] Fed.R.Civ.P. 56 is applicable to the instant proceeding pursuant to Rule 7056 of the
Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.")

not simply rest on its pleadings, but must designate specific factual averments through

the use of affidavits or other permissible evidentiary material that demonstrate a triable

factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553; *Anderson

v. Liberty Lobby, Inc.*, 477 U.S. at 247-50, 106 S.Ct. at 2509-11. Such evidence must be

sufficient to support a jury's factual determination in favor of the nonmoving party. *Id.*

Evidence that merely raises some metaphysical doubt regarding the validity of a

material fact is insufficient to satisfy the nonmoving party's burden. *Matsushita Electric

Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355-56,

89 L.Ed.2d 538 (1986). If the nonmoving party fails to adduce sufficient evidence in

connection with an essential element of the case for which it bears the burden of proof

at trial, the moving party is entitled to entry of summary judgment in its favor as a matter

of law. *Celotex Corp. v. Catrett*

**The Factual Record**

The Debtor was in the business of providing physical therapy and rehabilitation

services to patients including automobile accident victims.  Complaint and Answer, ¶ 7.

Some of the patients treated by the Debtor were insured by State Farm.  *Id*. ¶ 8.  In

October 2003 State Farm filed suit against the Debtor in the United States District Court

alleging that the Debtor had submitted fraudulent bills which State Farm paid.  *See*

Stipulation of Facts, Whereas clause #1.  In November 2004 the Trustee filed suit

against State Farm to collect approximately $122,000 in prepetition accounts

receivable.  *Id.*, Whereas clause #3.  The parties agree that the Debtor is liable to the

State Farm for the full amount claimed in the District Court action and that State Farm

owes the Debtor for $124,478.88 in unpaid prepetition bills.  *Id*. ¶¶ (a), (d).

Based on these stipulations, State Farm asserts the right of setoff.

**Applicable Law**

Section 553 of the Bankruptcy Code preserves the right of setoff:

> Except as otherwise provided in this section and in sections
> 362 and 363 of this title, this title does not affect any right of
> a creditor to offset a mutual debt owing by such creditor to
> the debtor that arose before the commencement of the case
> under this title against a claim of such creditor against the
> debtor that arose before the commencement of the case...

11 U.S.C. § 553(a).  Although no federal right of setoff is created by the Bankruptcy

Code, § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise

exists is preserved in bankruptcy.  *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16,

18, 116 S.Ct. 286, 289, 133 L.Ed.2d 258 (1995).  The Supreme Court has explained the

applicability of setoff in bankruptcy cases: "The right of setoff (also called "offset") allows

entities that owe each other money to apply their mutual debts against each other,

thereby avoiding "the absurdity of making A pay B when B owes A." *Studley v. Boylston*

*Nat. Bank*, 229 U.S. 523, 528, 33 S.Ct. 806, 808, 57 L.Ed. 1313 (1913).  In order to

possess a right of setoff, there must be a mutuality of obligations between the debtor

and the creditor asserting a right to setoff.  For setoff purposes, debts are mutual if they

are "in the same right and between the same parties, standing in the same capacity." *In*

*re Bevill, Bresler & Schulman Asset Management Corp.*, 896 F.2d 54, 59 (3d Cir.1990)

(quoting L. King, 4 *Collier on Bankruptcy*, ¶ 553.04[3], at 553-22 (15th ed.1979)).  The

concept as defined by the Third Circuit thus involves three elements: party, right, and

Case 04-00991-sr    Doc 38    Filed 11/16/05    Entered 11/18/05 08:00:10    Desc Main
Document      Page 5 of 11


capacity.  The element of mutuality is the crux of the parties' disagreement.[2] The Court

will now turn to the record to determine if mutuality is established.

*Are the Debts Held*
*By the Same Parties?*

The threshold requirement of mutuality is that the relevant claim and debt exist

between the "same parties," meaning simply enough that where A and B may offset

their mutual obligations, A may not offset an obligation that it owes to B against a debt

that B owes to C.   5 *Collier on Bankruptcy*, ¶ 553.03[3][b].  The requirement prevents

so-called "triangular" or "circuitous" setoffs which, the Trustee insists, is what State

Farm is attempting to do here.  Trustee Brief, 6.  The Trustee explains that "[State Farm]

would have their obligation to the insured reduced by the obligation allegedly owed by

debtor to the defendants." *Id*.  This argument is a variation on the *Collier* hypothetical: A

(here, State Farm) may not offset its obligation to C (here, the insured patients) against

that debt which B (the Debtor providers – now the estate) owes to A (State Farm).  As to

what obligation exactly State Farm has to its insureds, the Trustee does not explain.  It

is somehow based on their contract: State Farm's debt is "still inherently an obligation

*owed to the insured* on the basis of the insurance contract entered into with the

insured."  Trustee Brief, 6 (emphasis added).  So it is the absence of a contract between

the Debtor and State Farm which renders the proposed setoff circuitous.  *Id.*

State Farm responds that, as a matter of law, the premise of the Trustee's

argument – that State Farm is trying to offset a debt owed to a third party – is a false

---

[2]There is no dispute that the respective claims are prepetition.  *See* Stipulation of Facts,
WHEREAS clause #3 and (b).

5

one.  Under the Pennsylvania Motor Vehicle Financial Responsibility Law,[3] State Farm

explains, the Debtor was prohibited from billing the car accident patients and was

required instead to bill the insurer (here, State Farm) directly.  *Id*.[4]  If the patients could

not be billed, the argument continues, then no right of indemnification arose on their

part.  The corollary to that argument, State Farm concludes, is that the unpaid $122,000

is not an obligation to its insureds.  If that is the case, then  there is no "triangulation"

here.

At the hearing, the Trustee requested an opportunity to address State Farm's

argument.  The Trustee's Supplemental Brief points out that there are exceptions to the

motor vehicle law's requirement that the provider bill the insurer as opposed to the

patient.  He cites to regulations in the Pennsylvania Code which permit the provider to

bill the patient when the insurer has advised the insured that its benefits have been

exhausted.[5] Trustee's Supplemental Brief, 2.  Likewise, such direct billing may occur

when no portion of the provider's bill is payable by the insurer.[6] *Id*.  For the Trustee, this

demonstrates that the insurer *is* liable to the patients.  And that reestablishes the

---

[3]75 P.S. § 1701 et seq.

[4]In pertinent part, that statute provides:

> [ ]Providers subject to this section may not bill the insured directly but
> must bill the insurer for a determination of the amount payable. The
> provider shall not bill or otherwise attempt to collect from the insured
> the difference between the provider's full charge and the amount
> paid by the insurer.

75 P.S. § 1797(a).

[5]31 Pa.Code § 69.22(d); (e).

[6]31 Pa.Code § 69.22(h)

triangulation necessary to invalidate this intended setoff.

In reviewing the Trustee's arguments, the Court finds them to be flawed in a number of respects.  First, the Trustee's emphasis that "there was no individual contract between the debtor [the providers] and defendants [State Farm]" is a red herring.  Section 553 does not require a contract.  Indeed, the statute never uses the term and speaks, instead, of "debts" and "claims."  *See* 11 U.S.C. § 553.  The claim in this instance, as State Farm correctly points out, is created by the Pennsylvania motor vehicle statute; it is not a creature of contract.  Second, according to the Stipulation, the Debtor providers were "statutorily obligated to bill State Farm directly for the $121,748.88 and [was prohibited from billing] patients for any part of that amount." *See* Stipulation, ¶ (d).  If, as the parties stipulated, State Farm was responsible for the entire receivable, then this Court may not find that either of the exceptions to the provider-insurer billing requirement apply.   *See Combustion Systems Services, Inc. v. Schulkyll Energy Resources, Inc.*, 1994 WL 229762 *2 (E.D.Pa.1992) ("Stipulations as to fact are binding on the parties and the Court."); *Cole v. Altieri*, 534 F.Supp. 165, 167 (E.D.Pa.1981).  But even assuming no stipulation, the Trustee has the burden of proving that an exception applies.  Yet all he offers is argument and that is stated in the subjunctive.  There is nothing before the Court indicating that the patients' policy limits had in some cases been exhausted or that the services rendered were not covered under the policies.  So if there is no evidence that the providers ever billed the patients, then State Farm never became liable to those patients for indemnification.  The record, then, shows that the only "parties" holding claims and debts are State Farm and the Debtor.

*Are the Debts Owned
in the Same Right?*

In general, the requirement that obligations be owed in the same right simply

enforces the rule that joint obligations are not subject to setoff against separate debts in

bankruptcy.  5 *Collier on Bankruptcy* ¶ 553.03[3][d][i]; *In re Chestnut Co.*, 39 B.R. 519,

521 (Bankr.D.S.D. 1984).  Nothing about the respective obligations indicates that either

is jointly held.  Each is held exclusively: the Trustee has succeeded to Debtor's claim for

$122,000 in unpaid receivables while State Farm has a claim against the estate for

fraudulent billing.

*Are the Debts Owned
in the Same Capacity?*

*Collier* explains what "capacity" is understood to mean in this context:

> The distinction between the concept of "capacity" and the
> requirement that the obligations be owed between the "same
> parties" is that the latter refers to the identity of the parties
> whereas the former refers to their relationship to each
> other....
>
> As a general rule, the concept of capacity requires that the
> parties must each owe the other something in his or her own
> name, and not as a fiduciary.... [I]f A in his individual
> capacity owes $100 to B, but B owes $50 to A in A's capacity
> as a trustee of a trust, or as a fiduciary or agent for some
> other party, the obligations are not mutual because they are
> not owed between the parties acting in the same "capacity."

5 *Collier on Bankruptcy* ¶ 553.03[3][c]; *In re Nuclear Imaging Systems, Inc.*, 260 B.R.

724, 734-35 (Bankr.E.D.Pa.2000); *In re Bevill, Bresler & Schulman Asset Management

Corp.*, 896 F.2d at 58.  It is the Trustee's position that State Farm's status as insurer for

the patients means that it does not hold the claim in its own capacity.  Trustee Brief, 6.

The Court finds this argument to be sophistic.  It was not the patients of the Debtor that

were defrauded; they received services from the Debtor albeit perhaps fewer services

than were billed for.  State Farm, on the other hand,  was indeed defrauded having paid

the Debtor for services some of which were never rendered.  All of this is admitted in the

Stipulation of Facts.  So the fact that State Farm was defrauded while insuring

fraudulent claims has nothing to do with whether State Farm suffered direct harm which

gives rise to a direct claim against the Debtors.  State Farm holds a fraud claim against

the Debtor in its own capacity and may set it off against what it owes the Debtor's

estate.

        In summary, each of the three elements required for a claim of setoff – same

party, right, and capacity – are demonstrated by this record.  For that reason, the

Trustee's motion for summary judgment as to State Farm's defense of setoff will be

denied.

        An appropriate order follows.

                                        By the Court:

                                        _____
                                        Stephen Raslavich
                                        United States Bankruptcy Judge

Dated:   November 16, 2005

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 7 |
| | : |
| AMERICAN REHAB & PHYSICAL | : |
| THERAPY, INC. | : |
| DEBTOR | : |
| | : CASE NO. 04-14562 |
| ROBERT H. HOLBER, TRUSTEE | : |
| PLAINTIFF | : |
| V. | : |
| STATE FARM MUTUAL AUTOMOBILE | : |
| INSURANCE COMPANY, AND STATE FARM | : |
| FIRE AND CASUALTY INSURANCE | : |
| COMPANY | : |
| DEFENDANTS | : ADVERSARY NO. 04-0991 |
| | : |

ORDER

AND NOW upon consideration of the Plaintiff's Motion for Summary Judgment,

State Farm's Response, after hearing held on October 27, 2005, and for the reasons set

forth in the attached Opinion, it is

ORDERED that the Motion is Denied.

By the Court:

_____
Stephen Raslavich
United States Bankruptcy Judge

Dated:  November 16, 2005

**MAILING LIST:**

George Conway, Esquire
Office Of The U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia PA  19106

William J. Burnett, Esquire
SMITH, GIACOMETTI & CHIKOWSKI, LLC
Land Title Bldg
100 South Broad Street, Suite 1200
Philadelphia, PA 19110

Dexter K. Case, Esquire
Case & DiGiamberardino & LUTZ, P.C.
541 Court Street
Reading, PA 19601